UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

A.I. CREDIT CORP.
                                  CIVIL ACTION
VERSUS
                                  NUMBER 05-MC-60-JJB-SCR
THOMAS GROUP HOLDING CO., ET AL

### RULING ON MOTION TO COMPEL DISCOVERY RESPONSES

Before the court is a Motion to Compel Discovery Responses and for Sanctions filed by plaintiff A.I. Credit Corp. Record document number 97. No opposition has been filed.

Plaintiff's motion shows that it served a Request for Production of Documents on defendants Phillip R. Thomas and Wayne L. Thomas on October 31, 2011.[1] Defendants failed to respond to the requests and the plaintiff sent a letter advising them that if they did not respond by the end of the year, a motion to compel would be filed. Plaintiff sent this letter by certified and regular mail. Defendants refused to claim delivery of the certified letters, but the letters sent by regular mail were not returned as undeliverable. Thus, it is apparent from the record that despite the plaintiff's efforts, the defendants continue to ignore the discovery request and still have not provided the

---

[1] Plaintiff is attempting to obtain information to enforce and collect on the judgment registered in this court in October 2005. Plaintiff's discovery included five requests to obtain copies of the defendants' personal financial statements, federal and state tax returns, bank account and safety deposit box statements. Record document number 97-1.

documents requested. Nor have the defendants responded to this motion or otherwise furnished any information indicating when they will provide the discovery. Defendants' failure to either respond or object to the requests for production of documents demonstrates that under Rule 37(d)(1)(A)(ii), Fed.R.Civ.P., the plaintiff is entitled to an order compelling the defendants to respond and imposing sanctions. Defendants will be required to produce all responsive documents for inspection and copying within 14 days. No objections will be allowed.[2] However, other than recovery of its expenses, the plaintiff did not seek imposition of any additional sanctions available under Rule 37(d)(3).[3]

Under Rule 37(d)(3), the court must require the party failing to act or the attorney advising that party, or both, to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order the payment if the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.

---

[2] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

[3] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).

2

See Rules 37(d)(1)(B) and (d)(3).

Plaintiff's motion shows it made a good faith attempt to obtain the discovery responses without court action. Defendants failed to respond to the discovery requests and to the plaintiff's efforts to obtain them. This demonstrates that the plaintiff is entitled to reasonable expenses under Rule 37(d)(3).[4] Plaintiff did not submit anything to support a request for a specific amount of expenses. A review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Motion to Compel Discovery Responses and for Sanctions filed by plaintiff A.I. Credit Corp. is granted. Defendants Phillip R. Thomas and Wayne L. Thomas shall produce for inspection and copying all documents responsive to the plaintiff's requests for production of documents, without objections, within 14 days. Pursuant to Rule 37(d)(3), the defendants are also ordered to pay to the plaintiff, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, April 30, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] There are no facts which show that the defendants' failure to serve discovery responses was substantially justified and there are no circumstances which would make an award of expenses unjust.

3